AO 243 (Rev. 12/04)                                                                                                           Page 1

# Motion to Vacate, Set Aside, or Correct a Sentence By a Person in Federal Custody

FILED
IN CLERKS OFFICE

(Motion Under 28 U.S.C. § 2255)

2010 MAY -7  P 12: 23

### Instructions

U.S. DISTRICT COURT
DISTRICT OF MASS.

1. To use this form, you must be a person who is serving a sentence under a judgment against you in a federal court. You are asking for relief from the conviction or the sentence. This form is your motion for relief.

2. You must file the form in the United States district court that entered the judgment that you are challenging. If you want to challenge a federal judgment that imposed a sentence to be served in the future, you should file the motion in the federal court that entered that judgment.

3. Make sure the form is typed or neatly written.

4. You must tell the truth and sign the form. If you make a false statement of a material fact, you may be prosecuted for perjury.

5. Answer all the questions. You do not need to cite law. You may submit additional pages if necessary. If you do not fill out the form properly, you will be asked to submit additional or correct information. If you want to submit a brief or arguments, you must submit them in a separate memorandum.

6. If you cannot pay for the costs of this motion (such as costs for an attorney or transcripts), you may ask to proceed *in forma pauperis* (as a poor person). To do that, you must fill out the last page of this form. Also, you must submit a certificate signed by an officer at the institution where you are confined showing the amount of money that the institution is holding for you.

7. In this motion, you may challenge the judgment entered by only one court. If you want to challenge a judgment entered by a different judge or division (either in the same district or in a different district), you must file a separate motion.

8. When you have completed the form, send the original and two copies to the Clerk of the United States District Court at this address:

   % Clerk, United States District Court for the District of Massachusetts
   Address: One Courthouse Way/Suite 2300
   City, State Zip Code: Boston, MA. 02210

9. **CAUTION:** You must include in this motion **all** the grounds for relief from the conviction or sentence that you challenge. And you must state the facts that support each ground. If you fail to set forth all the grounds in this motion, you may be barred from presenting additional grounds at a later date.

10. **CAPITAL CASES:** If you are under a sentence of death, you are entitled to the assistance of counsel and should request the appointment of counsel.

AO 243 (Rev. 12/04)                  Page 2

# MOTION UNDER 28 U.S.C. § 2255 TO VACATE, SET ASIDE, OR CORRECT SENTENCE BY A PERSON IN FEDERAL CUSTODY

| United States District Court | District **of Massachusetts** |
|---|---|
| Name (under which you were convicted): **NYGELL JONES** | Docket or Case No.: |
| Place of Confinement: **F.C.I. SCHUYLKILL, PA.** | Prisoner No.: **22699-038** |
| UNITED STATES OF AMERICA    v. | Movant (include name under which convicted) **NYGELL JONES** |

## MOTION

1. (a) Name and location of court which entered the judgment of conviction you are challenging: **U.S. DISTRICT COURT for the DISTRICT of MASSACHUSETTS / 1 COURTHOUSE WAY, BOSTON, MA. 02210 / JOHN JOSEPH MOAKLEY FEDERAL COURTHOUSE**

    (b) Criminal docket or case number (if you know): **1:07-cr-10339-MLW**

2. (a) Date of the judgment of conviction (if you know): **TUESDAY, JUNE 24, 2008**

    (b) Date of sentencing: **TUESDAY, SEPTEMBER 16, 2008**

3. Length of sentence: **27 months (and 36 months of supervised release);**

4. Nature of crime (all counts): **The grand jury charged that, 1, on or about August 3, 2007, at Boston, in the District of Massachusetts, Nygell Jones, having been convicted in a court of a crime punishable by imprisonment for a term exceeding one year, knowingly possessed a firearm, to wit a Kel-Tec 9 millimeter semi automatic pistol bearing Serial No. A-2415 and various rounds of 9 millimeter ammunition, in and affecting interstate commerce, all in violation of Title 18, U.S.C. § 922(g)(1).**

5. (a) What was your plea? (Check one)

    (1) Not guilty ☑     (2) Guilty ☐     (3) Nolo contendere (no contest) ☐

    (b) If you entered a guilty plea to one count or indictment, and a not guilty plea to another count or what did you plead guilty to and what did you plead not guilty to? **N/A**

6. If you went to trial, what kind of trial did you have? (Check one)    Jury ☑    Judge only ☐

AO 243 (Rev. 12/04) Page 3

7. Did you testify at a pretrial hearing, trial, or post-trial hearing?   Yes ☐   No ☑

8. Did you appeal from the judgment of conviction?   Yes ☐   No ☑

9. If you did appeal, answer the following:
   (a) Name of court: N/A
   (b) Docket or case number (if you know): N/A
   (c) Result: N/A
   (d) Date of result (if you know): N/A
   (e) Citation to the case (if you know): N/A
   (f) Grounds raised: N/A

   (g) Did you file a petition for certiorari in the United States Supreme Court?   Yes ☐   No ☑
       If "Yes," answer the following:
       (1) Docket or case number (if you know): N/A
       (2) Result: N/A
       (3) Date of result (if you know): N/A
       (4) Citation to the case (if you know): N/A
       (5) Grounds raised: N/A

10. Other than the direct appeals listed above, have you previously filed any other motions, petitions, or applications, concerning this judgment of conviction in any court?
    Yes ☑   No ☐

11. If your answer to Question 10 was "Yes," give the following information:
    (a) (1) Name of court: U.S. District Court for the District of Massachusetts/Boston
        (2) Docket or case number (if you know): 07-cr-10339-MLW
        (3) Date of filing (if you know): July 1, 2008

AO 243 (Rev. 12/04)                                                                                            Page 4

(4) Nature of the proceeding: Rule 29 Motion for Judgment of Acquittal and
(5) Grounds raised: Rule 33 Motion for a New Trial;

Under Fed.R.Crim.P. 29, the Court must enter a judgment of acquittal of any offense for which the evidence is insufficient to sustain a conviction; the government presented no incriminating evidence against Nygell Jones other than the testimony of three witnesses, all of whom gave demonstrably false testimony at trial; and no rational trier of fact could have found the elements of the firearm possession offense beyond any reasonable doubt. *See: copy of motion(s) attached as exhibit;

(6) Did you receive a hearing where evidence was given on your motion, petition, or application?
    Yes ☑    No ☐

(7) Result: Motion(s) were DENIED
(8) Date of result (if you know): September 16, 2008

(b) If you filed any second motion, petition, or application, give the same information:
(1) Name of court: N/A
(2) Docket of case number (if you know): N/A
(3) Date of filing (if you know): N/A
(4) Nature of the proceeding: N/A
(5) Grounds raised: N/A

(6) Did you receive a hearing where evidence was given on your motion, petition, or application?
    ~~Yes ☐~~    ~~No ☐~~

(7) Result: N/A
(8) Date of result (if you know): N/A

(c) Did you appeal to a federal appellate court having jurisdiction over the action taken on your motion, petition, or application?
(1) First petition:     Yes ☐    No ☑
(2) Second petition:   ~~Yes ☐~~  ~~No ☐~~ N/A

(d) If you did not appeal from the action on any motion, petition, or application, explain briefly why you did not:
I personally did not possess the "pro se" legal expertise to pursue any further appeal from said action on said motion(s), and even now I am currently relying upon the benevolent aid and assistance of another inmate to prepare and file this herein collateral attack petition;

%AO 243 (Rev. 12/04)                                                                                                     Page 5

12. For this motion, state every ground on which you claim that you are being held in violation of the Constitution, laws, or treaties of the United States. Attach additional pages if you have more than four grounds. State the <u>facts</u> supporting each ground.

**GROUND ONE:** Conviction obtained by use of evidence that was illegally planted on the defendant pursuant to an unconstitutionally alleged search and seizure;

(a) Supporting facts (Do not argue or cite law. Just state the specific facts that support your claim.):

On 8/3/07, while on absconder status from 36 months of federal supervised release (Re: Case Dkt. No. 03-cr-10248), which was imposed by the Honorable William G. Young, U.S.D.J., on 10/19/04 (and re-sentenced on 12/13/06, however the Date Supervision Commenced was 12/15/06), the defendant (NYGELL JONES) was "recognized" by several members of the Youth Violence Strike Force, while they were on patrol in the Thane Street area of Dorchester, MA., and was consequently apprehended and arrested (and subsequently charged with Carrying a Firearm w/o a License; Possessing a Firearm w/o a F.I.D. card; Felon in Possession of a Firearm; Carrying a Loaded Firearm w/o a License; Carrying a Dangerous Weapon; Assault and Battery on a Police Officer; Resisting Arrest; and Disorderly Conduct), as a direct result of said members of the Youth

(b) **Direct Appeal of Ground One:** —— (* SEE CONTINUATION PAGE for GROUND ONE) ——

(1) If you appealed from the judgment of conviction, did you raise this issue?
    Yes ☐      No ☑

(2) If you did not raise this issue in your direct appeal, explain why: I WAS NOT AWARE OF THE NEWLY DISCOVERED FACT OF SAID MEMBERS OF THE YOUTH VIOLENCE STRIKE FORCE BEING FOUND TO PERJURE THEMSELVES IN U.S. v. DARWIN JONES/Case Dkt. No. 07-cr-10289-MLW, UNTIL Nov. 11, 2009

(c) **Post-Conviction Proceedings:** (NOR WAS I ENLIGHTENED TO THE HISTORY OF THE U.S. ATTORNEY'S OFFICE BLATANT PRACTICE OF PROSECUTORIAL MISCONDUCT, REGARDING DISCOVERY);

(1) Did you raise this issue in any post-conviction motion, petition, or application?
    Yes ☐      No ☑

(2) If you answer to Question (c)(1) is "Yes," state:

Type of motion or petition:                                       N/A

Name and location of the court where the motion or petition was filed:      N/A

Docket or case number (if you know):                        N/A

Date of the court's decision:                                       N/A

Result (attach a copy of the court's opinion or order, if available):      N/A

(3) Did you receive a hearing on your motion, petition, or application?
     ~~Yes ☐~~      ~~No ☐~~                                N/A

*CONTINUATION PAGE for GROUND ONE on Page 5 -

Violence Strike Force's malice and vindiction, due to the defendant's previous dismissal (in "Jones I"), acquittal (in "Jones II") and ultimate sentence reduction (in "Jones III"), regarding several separate and distinct gun possession cases that all originated in the Dorchester District Court's jurisdiction, and which all stemmed from different arrests by other members of the Boston Police Department (and/or Youth Violence Strike Force). All of said gun possession cases were ultimately prosecuted federally. The first case was styled U.S. v. Nygell Jones / Case Dkt. No. 99-cr-10211-WGY ("Jones I"), and the defendant successfully pursued a motion to suppress the firearm and ammunition based on the strength of that case. The second case was styled U.S. v. Nygell Jones / Case Dkt. No. 01-cr-10004-WGY ("Jones II"), and the defendant was found not guilty subsequent to a jury trial. And, the third case was styled U.S. v. Nygell Jones / Case Dkt. No. 03-cr-10248-WGY ("Jones III"), which subsequently resulted in a jury trial verdict of guilty, but which also resulted in the defendant's imposed 66 months term of imprisonment ultimately being reduced to a 41 months term of imprisonment (and same being deemed as time served). Wherefore, the defendant (Nygell Jones) does hereby emphatically contend that at least some (if not all) of the members of said Youth Violence Strike Force knew exactly who he was, when they identified him in the crowd of party-goers on the night of his arrest (on August 3, 2007), and they specifically targeted him as an absconder who needed to be apprehended (with the added/planted consequence of being found to be in the possession of a firearm). In support of the defendant's herein contention, please consider the fact that after the revelation of the dismal history of the misconduct of the majority of the members of the Youth Violence Strike Force, who were involved in the defendant's arrest (and the simultaneous physical beating of him), it isn't a far stretch to believe that said firearm was indeed actually planted on him. Moreover, also please consider the fact that on or about one month prior to the night of the defendant's arrest/apprehension the Boston Herald displayed the defendant's name and picture in an array of Boston's 10 Most

AO 243 (Rev. 12/04)                                                 Page 6

(4) Did you appeal from the denial of your motion, petition, or application?
    ~~Yes ☐~~      ~~No ☒~~

(5) If your answer to Question (c)(4) is "Yes," did you raise the issue in the appeal?
    ~~Yes ☐~~      ~~No ☒~~

(6) If your answer to Question (c)(4) is "Yes," state:
Name and location of the court where the appeal was filed:    N/A

Docket or case number (if you know):    N/A
Date of the court's decision:    N/A
Result (attach a copy of the court's opinion or order, if available):    N/A

(7) If your answer to Question (c)(4) or Question (c)(5) is "No," explain why you did not appeal or raise issue:    N/A

**GROUND TWO:** Conviction obtained by the unconstitutional failure of the prosecution/government to disclose to the defendant evidence favorable to the defendant:

(a) Supporting facts (Do not argue or cite law. Just state the specific facts that support your claim.):

Prior to the transpiration of my criminal trial (between June 16-24, 2008), before the Hon. Mark L. Wolf, U.S.D.J., Judge Wolf simultaneously presided over another criminal case (U.S. v. Darwin Jones/Case Dkt. No. 07-cr-10289-MLW), which was going through Motion to Suppress proceedings (between January 30, 2008 thru January 21, 2009). However, approximately one month prior to my sentencing/disposition hearing (on September 16, 2008), Judge Wolf presided over a Conference (on or about August 12, 2008), concerning said motion to suppress proceedings (pertaining to said Darwin Jones case), and ordered the government to produce to the defendant (Darwin Jones) by October 10, 2008 all material exculpatory information. Judge Wolf also reminded the government that the duty of disclosure was a continuing one, and that if in the future a witness said anything incon-

(b) Direct Appeal of Ground Two: — (*SEE CONTINUATION PAGE for GROUND TWO) —

    (1) If you appealed from the judgment of conviction, did you raise this issue?
        Yes ☐      No ☒

— * CONTINUATION PAGE for GROUND TWO on Page 6 —

sistent with his or her prior statements, then the government had a duty to disclose the inconsistent statement. Therefore, the government had a continuing obligation to disclose all material exculpatory information to me, due to the fact that Rule 116.2(A)(2) of the Local Rules of the United States District Court for the District of Massachusetts defines exculpatory information as including "all information that is material and favorable to the accused, because it tends to . . . [c]ast doubt on the admissibility of the evidence that the government anticipates offering in its case-in-chief." It has been long and clearly established that exculpatory information includes information that is potentially useful in impeaching government witnesses, as well as information that directly tends to negate guilt. Hence, the government's failure to continuingly disclose all material exculpatory information to me throughout the course of my jury trial and sentencing/disposition hearing proceedings did in fact injure the Court's (and/or the trial jury's) ability to find the facts properly, as well as violated my right to due process. Thus, indeed this case (U.S. v. Nyqell Jones/Case Dkt. No. 07-cr-10339-MLW) involves the recurring problem of the government's non-compliance with its duty to provide timely disclosure of exculpatory evidence, which is another prime example of astounding negligence (and/or of deliberate indifference). Nevertheless, when dealing with cases of non-disclosure of exculpatory evidence the critical inquiry is whether the error prevented the defense counsel from employing said non-disclosed material information to good effect. Furthermore, the egregious failure of the government to disclose plainly material exculpatory evidence in this case extends a dismal history of intentional and inadvertent violations of the government's obligation to continuingly disclose in cases assigned to this Court. Moreover, in support of my herein claim of the government's misconduct, it is significant to note that Boston Police Officer Rance Cooley was found in Commonwealth of Massachusetts v. Marshawn Garden/Case Dkt. No. 0601SC131-7 to have testified untruthfully, when on or about March 14, 2006, Justice Raymond

———*CONTINUATION PAGE for GROUND TWO (cont.) ———

Dougan of the Boston Municipal Court granted a motion to suppress evidence seized by Officer Cooley. Justice Dougan ruled that "The Court does not credit at all Cooley's testimony that he saw the muzzle of a gun through a partially open back seat, when he was searching the passenger compartment of a Honda." The Supreme Judicial Court affirmed the suppression order, in part based upon Justice Dougan's finding that "at the time that Officer Cooley searched the passenger compartment of the Honda, the rear back seat was locked in place, and provided no access to the trunk." — [*See: Commonwealth v. Garden, 451 Mass. 43, 52 n.10, 883 N.E.2d 905 (2008)]; Wherefore, the Local Rules of the District of Massachusetts and/or court orders require that prosecutors, at defined times prior to a motion to suppress proceeding, trials, and sentencing/disposition hearings, provide defendants with <u>all</u> material exculpatory information automatically, without a request, no later than 42 days after arraignment, unless a declination procedure is invoked or an ex parte protective order is obtained. D.Mass.R. 116.2(B)(1) and 116.6(A) and (B). Said local rules explicate the fact that duty to disclose is a continuing duty, and when additional material exculpable evidence is discovered or developed after an initial disclosure, it must be produced, also. D.Mass.R. 116.7. Said local rules also require the preservation of notes so that they can be reviewed and produced, if they contain material exculpatory information. D.Mass.R. 116.9. Lastly, although the Due Process Clause of the Fourteenth Amendment, as it is interpreted by Brady v Maryland, 373 U.S. 83, 83 S.Ct. 1194, 10 L.Ed. 2d 215 (1963) and its progeny, only mandates the disclosure of material evidence, the obligation to disclose <u>all</u> evidence favorable to the defense may arise much more broadly under a prosecutor's ethical or statutory obligations.

AO 243 (Rev. 12/04)                                                                                                    Page 7

(2) If you did not raise this issue in your direct appeal, explain why: IT WAS A SITUATION OF MY WORD AGAINST THE SEVERAL POLICE OFFICERS OF THE YOUTH VIOLENCE STRIKE FORCE, SO I DECLINED TO ADDRESS THE COURT AND/OR TO RAISE SAID ISSUE IN MY DEFENSE, DURING TRIAL.;

(c) **Post-Conviction Proceedings:**

(1) Did you raise this issue in any post-conviction motion, petition, or application?
Yes ☐   No ☑

(2) If you answer to Question (c)(1) is "Yes," state:
Type of motion or petition: N/A
Name and location of the court where the motion or petition was filed: N/A

Docket or case number (if you know): N/A
Date of the court's decision: N/A
Result (attach a copy of the court's opinion or order, if available): N/A

(3) Did you receive a hearing on your motion, petition, or application?
~~Yes ☐   No ☐~~   N/A

(4) Did you appeal from the denial of your motion, petition, or application?
~~Yes ☐   No ☐~~   N/A

(5) If your answer to Question (c)(4) is "Yes," did you raise the issue in the appeal?
~~Yes ☐   No ☐~~   N/A

(6) If your answer to Question (c)(4) is "Yes," state:
Name and location of the court where the appeal was filed: N/A

Docket or case number (if you know): N/A
Date of the court's decision: N/A
Result (attach a copy of the court's opinion or order, if available): N/A

(7) If your answer to Question (c)(4) or Question (c)(5) is "No," explain why you did not appeal or raise issue: N/A

AO 243 (Rev. 12/04)                                                                                                Page 8

**GROUND THREE:** The defendant was denied effective assistance of counsel due to the defense counsel's failure to sufficiently prepare for trial by diligently investigating potential-

(a) Supporting facts (Do not argue or cite law. Just state the specific facts that support your claim.):
ly corroborating witnesses, and/or available exculpatory information against the government's only witnesses: Prior to the commencement of the defendant's jury trial (on or about June 16/17, 2008), the defense counsels (Mr. Robert L. Ullmann, Esq. and Mr. Youngik Paik, Esq. of Nutter, McClennen & Fish, LLP) demonstrably neglected to investigate enough of the numerous potential witnesses, who were obviously in a cognizable enough position to have been able to perceive any viable enough relevant details, which would have aided and assisted in the impeachment of the government's only witnesses (Sergeant James Tarantino and Officer Rance Cooley of the Boston Police Department, and Massachusetts State Troopers William Cameron and Stephen Johnson, who were all members of the Youth Violence Strike Force). A hard look at the record will reveal that the government presented...

(b) **Direct Appeal of Ground Three:** — (*SEE CONTINUATION PAGE for GROUND THREE) —
  (1) If you appealed from the judgment of conviction, did you raise this issue?
      Yes ☐    No ☒
  (2) If you did not raise this issue in your direct appeal, explain why:    N/A

(c) **Post-Conviction Proceedings:**
  (1) Did you raise this issue in any post-conviction motion, petition, or application?
      Yes ☐    No ☒
  (2) If you answer to Question (c)(1) is "Yes," state:
  Type of motion or petition:  N/A
  Name and location of the court where the motion or petition was filed:  N/A

  Docket or case number (if you know):  N/A
  Date of the court's decision:  N/A
  Result (attach a copy of the court's opinion or order, if available):  N/A

  (3) Did you receive a hearing on your motion, petition, or application?
      ~~Yes ☐~~    ~~No ☒~~    N/A
  (4) Did you appeal from the denial of your motion, petition, or application?
      ~~Yes ☐~~    ~~No ☒~~    N/A
  (5) If your answer to Question (c)(4) is "Yes," did you raise the issue in the appeal?
      ~~Yes ☐~~    ~~No ☒~~    N/A

———— *CONTINUATION PAGE for GROUND THREE on Page 8 ————

absolutely no incriminating evidence against the defendant other than the testimony of the members of the Youth Violence Strike Force (Y.V.S.F.), who apprehended and arrested the defendant (Nygell Jones), on August 3, 2007. The defense counsels failed to investigate, whether or not any or all of the government's only witnesses could have been discovered as having known (or at least known of) the defendant, and especially knew of the fact that the defendant had absconded from his federal post-release probation supervision, and particularly that the defendant's name and his picture had recently been prominently displayed on the front page of the Boston Herald in a photo array that depicted the Ten Most Wanted Fugitives of Boston, as well as the fact that more than likely they all did know that the defendant had been arrested before, and had been prosecuted in the U.S. District Court for the District of Massachusetts, on three separate occasions (all of which cases/charges for the most part the defendant had successfully defended himself against). Wherefore, a new trial is warranted where there is a miscarriage of justice, and/or where the evidence preponderates heavily against the verdict. Moreover, it is axiomatic that a district court has a greater power to order a new trial, than to overturn a jury's verdict through a judgment of acquittal. Motions for a new trial are to be directed to the discretion of the trial court. And, in considering such a motion, the court has broad power to weigh the evidence and to assess the credibility of the witnesses who testified at trial. Furthermore, notwithstanding the patently false, and/or intentionally misleading testimony that was given under oath by the government's only witnesses on more than one occasion (both during the herein defendant's underlying gun possession trial, as well as during several other state and federal prosecutions that these same exact government witnesses were found to have provided blatantly false testimony in), the defendant hereby contends that had the jury been presented any of the non-disclosed exculpable

\*CONTINUATION PAGE for GROUND THREE, (cont.)

evidence (which this Honorable Court is now so vividly aware of, in light of the subsequent findings that this Court articulated in U.S. v. Darwin Jones, Case Dkt. No. 07-cr-10289-MLW, which are now published at 609 F.Supp.2d 113, 609 F.Supp.2d 132 and 620 F.Supp.2d 163), during his underlying trial (on June 16-24, 2008), then said jury would have had to determine the government's only witnesses' material testimony to be so inherently implausible that it could not be believed by a reasonable juror. Hence, it has been (and it can be moreso convincingly) established that the defendant's conviction constitutes a clear and significant miscarriage of justice, and at the very least a new trial should be granted to him.

AO 243 (Rev. 12/04)                  Page 9

(6) If your answer to Question (c)(4) is "Yes," state:
Name and location of the court where the appeal was filed: N/A

Docket or case number (if you know): N/A
Date of the court's decision: N/A
Result (attach a copy of the court's opinion or order, if available): N/A

(7) If your answer to Question (c)(4) or Question (c)(5) is "No," explain why you did not appeal or raise issue: N/A

**GROUND FOUR:** N/A

(a) Supporting facts (Do not argue or cite law. Just state the specific facts that support your claim.): N/A

(b) **Direct Appeal of Ground Four:**
   (1) If you appealed from the judgment of conviction, did you raise this issue?
      Yes ☐     No ☐     N/A
   (2) If you did not raise this issue in your direct appeal, explain why: N/A

(c) **Post-Conviction Proceedings:**
   (1) Did you raise this issue in any post-conviction motion, petition, or application?
      Yes ☐     No ☐     N/A

AO 243 (Rev. 12/04)                                                                                                Page 10

(2) If you answer to Question (c)(1) is "Yes," state:
Type of motion or petition: N/A
Name and location of the court where the motion or petition was filed: N/A

Docket or case number (if you know): N/A
Date of the court's decision: N/A
Result (attach a copy of the court's opinion or order, if available): N/A

(3) Did you receive a hearing on your motion, petition, or application?
Yes ☐  No ☐   N/A

(4) Did you appeal from the denial of your motion, petition, or application?
Yes ☐  No ☐   N/A

(5) If your answer to Question (c)(4) is "Yes," did you raise the issue in the appeal?
Yes ☐  No ☐   N/A

(6) If your answer to Question (c)(4) is "Yes," state:
Name and location of the court where the appeal was filed: N/A

Docket or case number (if you know): N/A
Date of the court's decision: N/A
Result (attach a copy of the court's opinion or order, if available): N/A

(7) If your answer to Question (c)(4) or Question (c)(5) is "No," explain why you did not appeal or raise issue: N/A

13. Is there any ground in this motion that you have **not** previously presented in some federal court? If so, which ground or grounds have not been presented, and state your reasons for not presenting them: N/A

AO 243 (Rev. 12/04)                                                                                                   Page 11

14. Do you have any motion, petition, or appeal <u>now pending</u> (filed and not decided yet) in any court for the you are challenging?    Yes ☐    No ☑

If "Yes," state the name and location of the court, the docket or case number, the type of proceeding, and the issues raised.    N/A

\* although please note the fact that I am simultaneously filing the exact same pro se motion/petition under 28 U.S.C. § 2255 in the U.S.D.C.(D.Ma.)/Case Dkt. No. 03-cr-10248-WGY (Civil Dkt. No. unknown as of this date);

15. Give the name and address, if known, of each attorney who represented you in the following stages of the you are challenging:

(a) At the preliminary hearing: ROBERT L. ULLMANN and YOUNG K. PAIK, ESQ. NUTTER, McCLENNEN & FISH, LLP/WORLD TRADE CENTER WEST/155 SEAPORT BOULEVARD/BOSTON, MA. 02210

(b) At the arraignment and plea:    same as above.

(c) At the trial:    same as above.

(d) At sentencing:    same as above.

(e) On appeal:    N/A

(f) In any post-conviction proceeding:    N/A

(g) On appeal from any ruling against you in a post-conviction proceeding:    N/A

16. Were you sentenced on more than one court of an indictment, or on more than one indictment, in the same court and at the same time?    Yes ☐    No ☑

17. Do you have any future sentence to serve after you complete the sentence for the judgment that you are challenging?    Yes ☑    No ☐

(a) If so, give name and location of court that imposed the other sentence you will serve in the future: U.S. DISTRICT COURT for the DISTRICT of MASSACHUSETTS [RE: U.S. v. NYGELL JONES/Case Dkt. No. 03-cr-10248-WGY];

(b) Give the date the other sentence was imposed: NOVEMBER 25, 2008

(c) Give the length of the other sentence: 24 MONTHS for SUPERVISED RELEASE VIOLATION

(d) Have you filed, or do you plan to file, any motion, petition, or application that challenges the judgment or sentence to be served in the future?    Yes ☑    No ☐

⚙AO 243 (Rev. 12/04)                                                                                              Page 12

18. TIMELINESS OF MOTION: If your judgment of conviction became final over one year ago, you must explain why the one-year statute of limitations as contained in 28 U.S.C. § 2255 does not bar your motion.*

In accordance with the terms that are provided in paragraph 6 of 28 U.S.C. §2255, I hereby contend that subparagraphs 6(1), 6(2) and 6(4) all apply to the particular circumstances of my underlying instant case, which as a result deems that the latest date within the 1-year period of limitation is indeed the latest of on or about June 26, 2010 (which is 1-year from the date that I was transported from the Wyatt Detention Center, in Rhode Island, into custody of the Federal Bureau of Prisons, notwithstanding the approximately 105 days of equitable tolling that encompassed the period of time that I was effectively separated from my legal property, as well as the 10-14 days of equitable tolling of the period of time between the date that I was sentenced to a 27 months term of imprisonment, until my 10 days limitation period to file a Notice of Appeal elapsed, and the approximately 170 days to date of equitable tolling that has accrued during the period of time that I have been effectively impeded from making this herein motion as a result of governmental action), or else, on or about November 11, 2010 (which is 1-year from when the date on which the facts supporting the claims presented herein were discovered through the exercise of due diligence). Also, see the further detailed explanation of the timeliness of this herein petition/motion within the accompanying cover letter (and/or pro se letter/motion) requesting leave to file this herein petition/motion "nunc pro tunc" (now as if it were then).

---

* The Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA") as contained in 28 U.S.C. § 2255, paragraph 6, provides in part that:

A one-year period of limitation shall apply to a motion under this section. The limitation period shall run from the latest of –
  (1) the date on which the judgment of conviction became final;
  (2) the date on which the impediment to making a motion created by governmental action in violation of the Constitution or laws of the United States is removed, if the movant was prevented from making such a motion by such governmental action;
  (3) the date on which the right asserted was initially recognized by the Supreme Court, if that right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or
  (4) the date on which the facts supporting the claim or claims presented could have been discovered through the exercise of due diligence.

AO 243 (Rev. 12/04)                                            Page 13

Therefore, movant asks that the Court grant the following relief: Vacate the conviction and sentence (especially setting aside the imposed 36 months term of supervised release) and/or grant the herein defendant/movant (Nygell Jones) a new trial; or any other relief to which movant may be entitled.

_____ N/A _____
Signature of Attorney (if any)

I declare (or certify, verify, or state) under penalty of perjury that the foregoing is true and correct and that this Motion under 28 U.S.C. § 2255 was placed in the prison mailing system on    April 30th, 2010   .
(month, date, year)

Executed (signed) on    April 30, 2010    (date

_____
Signature of Movant / Nygell Jones, Pro Se
Reg No. 22699-038

If the person signing is not movant, state relationship to movant and explain why movant is not signing this motion.

_____ N/A _____

IN FORMA PAUPERIS DECLARATION

[Insert appropriate court]
* * * * *

N/A

## CERTIFICATE OF MAILING/SERVICE

I, Nygell Jones/#22699-038, under penalty of perjury, hereby certify that on this 30th day of APRIL, 2010, I placed an envelope containing the Original and 2 copies of the following documents in the control of prison authorities by depositing the envelope in the institution mailbox designated for all outgoing inmate legal mail:

1. Motion Under 28 U.S.C. §2255;
2. Cover Letter/Pro Se Letter-Motion;
3. Certificate of Mailing/Service;
4. Exhibit-A/Defendant's Rule 29 Motion for Judgment of Acquittal and Defendant's Rule 33 Motion for a New Trial (Filed: 7-1-08);
5. Exhibit-B/Government's Opposition to Defendant's Rule 29 Motion for Judgment of Acquittal and Defendant's Rule 33 Motion for a New Trial;
6. 
7. 
8. 

addressed to the **Clerk of Court**, U.S. District Court for the District of MA. as well as to the Office of the U.S. Attorney for the District of Massachusetts - Boston Division, first-class postage rate.

Therefore, in accordance with the federal rules governing filing procedures and the "mailbox rule" established in Houston v. Lack, 487 U.S. 266 (1988), the foregoing documents are deemed "filed" for the purposes of this action.

Signed: *Nygell Jones*
NYGELL JONES, PRO SE
REG. NO. 22699-038
F.C.I. SCHUYLKILL
P.O. BOX 759/UNIT-1A
MINERSVILLE, PA. 17954